PROB 12C
(Rev. 2011)

# United States District Court
## for
## Middle District of Tennessee

## Petition for Warrant or Summons for Offender Under Supervision
## (Amended Petition Filed as Docket Entry No. 41)

Name of Offender: Lonnie L. Holland, Jr.    Case Number: 3:08-00227

Name of Judicial Officer: Honorable William J. Haynes, Jr., Chief U.S. District Judge

Date of Original Sentence: January 25, 2010

Original Offense: Convicted Felon in Possession of a Firearm

Original Sentence: 24 months' imprisonment and 2 years' supervised release

Type of Supervision: Supervised release    Date Supervision Commenced: January 12, 2011

Assistant U.S. Attorney: Lee Deneke    Defense Attorney: William Jordan Steed, III

### PETITIONING THE COURT

☐ To issue a Summons.
☐ To issue a Warrant.
■ Consider the Conviction at the Revocation Hearing

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ The Consideration of the Conviction at the Revocation Hearing

Considered this _____ day of _____, 2012 and made a part of the records in the above case.

_____
Honorable William J. Haynes, Jr.
Chief U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Kenneth Parham
Supervising U.S. Probation Officer

Place   Nashville, TN

Date   December 19, 2012

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.   **The defendant shall not commit another federal, state or local crime:**

   On September 14, 2011, in Davidson County, Tennessee, Lonnie Holland did allegedly commit the crime of Criminal Homicide, a felony, in violation of Tennessee Code Annotated, 39-13-201. According to the affidavit, on September 14, 2011, the victim, McKinley Martin, was working washing cars in the parking lot near 2511 Clarksville Highway. Mr. Holland pulled up in an SUV and started a conversation about the price of a car wash. While the two men were talking, Holland shot the victim with a revolver and drove away, fleeing the scene. Mr. Martin died as a result of the gunshot wound. Mr. Holland is currently detained on this charge on $1,000,000.00 bond.

2.   **The defendant shall not possess a firearm, destructive device, or any other dangerous weapon:**

   On September 14, 2011, in Davidson County, Tennessee, Lonnie Holland did allegedly possess a firearm.

**Compliance with Supervision Conditions and Prior Interventions:**

Lonnie Holland began his term of supervised release on January 12, 2011. His term of supervision expires on January 11, 2013. This is the first petition filed with the Court on this term of supervision.

**Update of Offender Characteristics:**

**Mr. Holland was sentenced in the Criminal Court of Davidson County, Tennessee, for 2nd Degree Murder on June 21, 2012. He was sentenced to 15 years' custody in the Tennessee Department of Correction.**

**U.S. Probation Officer Recommendation:**

It is respectfully requested that Mr. Lonnie L. Holland, Jr., conviction be addressed at his revocation hearing before the Court.

This matter has been submitted to Assistant U. S. Attorney Lee Deneke who concurs with the recommendation.

Approved: _____
Vidette Putman
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. LONNIE HOLLAND, CASE NO. 3:08-00227

**GRADE OF VIOLATION:** A
**CRIMINAL HISTORY:** III

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003    PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | 2 years (Class C fel.) *18 U.S.C. § 3583(e)(3)* | 18-24 months | None |
| **SUPERVISED RELEASE:** | not more than 3 years | up to 3 years less any term of imprisonment *18 U.S.C. 3583(h)* | None |

**Statutory Provisions:** When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

Upon revocation of supervised release, the defendant faces imprisonment of up to two years, pursuant to 18 U.S.C. §3583(e)(3).

**Guideline Policy Statements:** Where the statutorily maximum term of imprisonment that is imposable upon revocation is less than the minimum of the applicable range, the statutorily authorized maximum term shall be substituted for the applicable range. U.S.S.G. § 7B1.4(b)(1).

Upon a finding of a Grade A or B violation, the Court shall revoke probation or supervised release. U.S.S.G. § 7B1.3(a)(1).

Respectfully Submitted,

Kenneth Parham
Supervising U.S. Probation Officer

Approved:   Vidette Putman
            Supervising U.S. Probation Officer